## JOHNSON v. ÆTNA INSURANCE COMPANY.

1. Where a policy of fire insurance contained a stipulation that it should be void "if the subject of insurance be a building on ground not owned by the insured in fee simple," but at the time the application for insurance was made the company, through its agent, knew that the applicant did not own the land on which the building sought to be insured was situated, it will not be heard, in defense to an action on the policy, to set up the non-compliance of the plaintiff with this condition of the contract.

2. Limitations in an insurance·policy upon the authority of the agent of the

company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy. *Mechanics Ins. Co.* v. *Mutual Bldg. Asso'n*, 98 *Ga.* 266, approved and reaffirmed.

Argued May 24, — Decided June 16, 1905.

Action on insurance policy. Before Judge Mitchell. Colquitt superior court. January 11, 1905.

*Humphreys & Humphreys, Park & Payton*, and *Z. D. Harrison*, for plaintiff.

*T. H. Parker* and *Shipp & Kline*, for defendant.

CANDLER, J. This was an action on a policy of fire insurance. The court below sustained a demurrer to the plaintiff's petition, and he excepted. From the petition as amended it appeared that one of the conditions of the policy was as follows: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if . . the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." The policy also provided that " no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto. And as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless .such waiver, if any, shall be written upon or attached hereto; nor shall any provision or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached." The building insured belonged to the plaintiff, but the land on which it was situated did not. It was alleged, however, that when he made application for insurance he expressly informed the agent of the defendant company as to the character of his ownership of the property sought to be insured; " that when he [plaintiff] signed said application, in answer to the question. as to the ownership of the land neither ' no ' nor ' yes ' was written in said application;" and "if said question .was answered in the affirmative, . . it was inserted after petitioner had signed said application, without his knowledge, consent, or authority;" and

that "said application was signed at the request of the agent of defendant company, who filled out the answers to all questions that were filled out." It will be seen that the controlling question for decision is whether, under the allegations of the petition as amended, the defendant, by reason of the knowledge of its agent as to the real character of the plaintiff's ownership of the property, is estopped to defend on the ground of the plaintiff's non-compliance with the conditions of the contract of insurance, or whether the plaintiff, by accepting the policy on those conditions, and with notice of the limitation on the power of the agent to make a waiver for the company, is precluded from recovering on the policy. There is no principle of law more firmly established than that, in general, the knowledge of an agent as to a material fact bearing upon the validity of a contract made on behalf of his principal is imputable to the principal; and this principle has uniformly been applied by our court in actions on contracts of insurance. *Carrugi* v. *Atlantic Ins. Co.*, 40 *Ga.* 135; *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 660; *Greenwich Ins. Co.* v. *Sabotnick*, 91 *Ga.* 719; *Swain* v. *Macon Ins. Co.*, 102 *Ga.* 96. · It has also been held that where a policy contained a stipulation identical with the one in the present case, limiting the power of any agent of the company to make a waiver for the company, and providing that any waiver, to be valid, must be endorsed in · writing on the policy, the insured can not in an action on the policy excuse his failure to comply with the conditions of the contract. *Lippman* v. *Ætna Ins. Co.*, 108 *Ga.* 391, 120 *Ga.* 247; *Reese* v. *Fidelity Life Asso.*, 111 *Ga.* 482; *Mutual Life Ins. Co.* v. *Clancy*, 111 *Ga.* 865; *Mutual Reserve Asso.* v. *Stephens*, 115 *Ga.* 192. In the *Lippman* case the policy provided that it should be void "if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy;" and the plaintiff sought to set up a waiver of this condition by showing that, subsequently to the issuance of the policy, an agent of the company had given him oral permission to procure other insurance on the property. In the *Reese, Clancy,* and *Stephens* cases, which were actions on policies of life insurance, the waiver sought to be set up was as to a provision that the policy should not become binding

upon the company until the first premium had been paid during the good health of the insured. Unquestionably, as to a matter concerning the time when the contract is to become of force, or as to the waiver of the conditions of the policy subsequently to its issuance, the insured, by accepting the policy, would be bound by its terms, and could not set up a waiver which he was bound to know the company's agent had no power to make. But that is not this case. Here the insured made written application for a policy of fire insurance. Upon being asked the question as to the character of his ownership of the property, he frankly informed the agent with whom he was dealing that he owned the building but did not own the land. There is no intimation in the petition that the insured was on notice, before receiving the policy, that the agent had no power to write the insurance with the title to the property held as it was. There is nothing from which an inference can be drawn that the agent and the insured colluded to defraud the insurance company by concealing the truth as to the ownership of the property. On the contrary, the pleader is emphatic in his declaration of his entire good faith and candor throughout the transaction. The knowledge of the agent being imputable to the company, and the company having, notwithstanding the provision of the policy that it should be void if the building was situated on land not owned by the insured in fee simple, entered into a contract with the plaintiff with its eyes open as to his ownership of the property, should it not be estopped, in a suit on the policy, to take advantage of a fact which it well knew when the contract was executed? To answer this question in the negative, it seems to us, would be to permit one party to a contract to receive all the benefits of the instrument, with full knowledge on his part from the beginning that it could not be enforced against him, and refuse absolutely to perform any of the conditions imposed by the contract upon him. To state such a proposition is to demonstrate its entire lack of equity.

Two cases are relied on by counsel for the insurance company, as opposed to the view which is now announced. In *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 122, it was held that "where in a policy of insurance there is an express stipulation that 'no agent has power to waive any condition of this policy,' the insured by

an acceptance of the policy is estopped from relying upon any agreement made with an agent, having the effect of waiving one of the conditions enumerated in the policy." In that case the policy provided that the insurance should not cover injuries or death resulting wholly or in part, directly or indirectly, from hernia; and it appeared that the plaintiff told the agent of the company to whom the application for the policy was made, at the time of making the application, that he had hernia, and that the agent told him that it was not necessary to state that in his application — that the company did not require it. There is possibly a shadowy distinction between that case and the case at bar, on the idea that in the *Thornton* case the plaintiff colluded with the agent to defraud the company by concealing from it the fact that he had hernia, while in the present case there was nothing in the petition as amended to indicate that the plaintiff was guilty of either actual or constructive fraud. The writer confesses that he does not derive much comfort from this distinction, and candidly asserts his belief that the *Thornton* case is wrong, in that it applies the doctrine of estoppel to the wrong party to the contract. The decision in the case cited is based upon the authority of the case of *Porter* v. *Home Friendly Society*, 114 *Ga.* 937, which decided, in effect, that where a life-insurance policy contained a stipulation that " no agent has authority in any manner . . to make, alter, or discharge contracts," the beneficiary was not entitled to maintain an action against the company on the theory that one of its agents had an agreement with the beneficiary to the effect that if the latter would pay the premiums, etc., for a specified number of years, the amount of the policy would then be paid to her. We fail to see how the *Porter* case can be deemed authority for the ruling in the *Thornton* case; for in the former the plaintiff sought to set up an entirely different contract from the one evidenced by the insurance policy, which of course could not be done; while in the latter the plaintiff sued strictly on the contract set out in the policy, but sought to show a waiver by the company of one of its conditions. The case of *Butler* v. *Standard Guaranty Co.*, 122 *Ga.* 371, is not in point, for in that case the court did not consider the question of the right of the defendant to set up the failure of the plaintiff to comply with the conditions of the contract. The plaintiff there

sought to rescind the contract on the ground that she was induced to sign it by reason of representations of the defendant's agent not embodied in the contract; and it appeared that the plaintiff was on notice that no agent had power to bind the company by any statement not contained in the contract. The case of *Thornton* v. *Travelers Ins. Co.*, supra, is, so far as we know, the only Georgia case which goes to the extent of holding that where the insurance company is on notice, at the time of entering into the contract, that the insured has not complied with some of the conditions of the policy, and yet with that knowledge issues the policy to him, it will be heard to defend on the ground of such non-compliance with the conditions; and it is in direct conflict with the earlier case of *Mechanics Ins. Co.* v. *Mutual Bldg. Assn.*, 98 *Ga.* 262, which, however, together with the cases of *Clay* v. *Phœnix Ins. Co.*, 97 *Ga.* 44, and *Phœnix Ins. Co.* v. *Searles*, 100 *Ga.* 97, we are asked to review and overrule. So far as appears from the report, the *Clay* and *Searles* cases did not involve any question as to the effect upon the plaintiff's rights of a stipulation in the policy limiting the power of an agent of the company to waive the conditions of the policy; and as they do not stand in the way of the contentions of counsel, it will be unnecessary to review them. The first case mentioned, however, had to do with a policy containing a stipulation as to waiver, almost identical with the one in the present case; and it follows that if that case is reaffirmed, the *Thornton* case must yield to it as authority. In the case in 98 *Ga.*, the court, Mr. Chief Justice Simmons delivering the opinion, said (p. 266): "'Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent, and are waived if so intended, although they remain in the policy when delivered;' and limitations therein upon the authority of the agent to waive such conditions, otherwise than in writing attached to or indorsed upon the policy, are treated as referring to waivers made subsequently to the issuance of the policy." Citing 1 May, Ins. § 143, and authorities there cited.

The language quoted fits the present case like a glove; and upon the soundness of the principle announced must depend the decision of this case. A careful study convinces us that the logic of that case is unanswerable. An insurance company re-

ceives an application for a policy. One of the rules of the company is that insurance will not be issued upon a building situated on land not owned by applicant. But the company, through its agent, knows that the applicant owns the building which he wishes to have insured, but does not own the land on which it is situated; and with this knowledge nevertheless issues a policy on the building. Certainly, after leading the applicant to believe that he would be protected, and receiving from him the premiums charged for the insurance, it should not in good conscience be heard to set up, in defense to an action on the policy, that the ownership of the building and of the land were in different persons. True, the policy states on its face that no agent has the power to waive any of the conditions of the policy, and that none of them will be deemed to have been waived unless such waiver is attached to or endorsed upon the policy in writing. But this is not a question of waiver, so much as of notice and estoppel. The agent's knowledge, as has been seen, is the company's knowledge. In spite of the assertion in the policy that the contract shall be void if the ownership of the property is of a given character, the policy has been issued with notice to the company that the ownership is of that character. Regardless of any question of waiver, then, the company has placed itself in a position where it would be inequitable to allow it to make the defense which it seeks. " Waiver is sometimes the express abandonment of a right. More frequently it is implied from acts that are inconsistent with its continued assertion. . . Estoppel is the shield of justice interposed for the protection of those who have not been wise or strong enough to protect themselves. It is the special grace of the court, authorized and permitted to preserve equities that would otherwise be sacrificed to cunning and fraud." Ostrander, Fire Ins. § 366. As to matters arising subsequently to the issuance of the policy, the case wears a different aspect. The contract is then made, and both parties are on notice as to its terms. The insured is bound to know what are the rights of the company, and that none of them can be relinquished save in the manner pointed out in the policy; and he, on his part, will not be heard to urge a waiver by the company, unless it has been made in the manner required. Our conclusion is that the ruling in the case of *Mechanics Ins. Co. v.*

*Mutual Bldg. Asso'n*, 98 *Ga.* 262, is sound; that it is controlling of the case at bar; and that anything to the contrary in the case of *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 122, must yield as authority to the earlier case.

*Judgment reversed.    All the Justices concur, except Simmons, C. J., absent.*

COBB, J., concurring.    There is an irreconcilable conflict between the cases of *Mechanics Ins. Co.*, v. *Mut. Bldg. Asso.*, 98 *Ga.* 262, and *Thornton* v. *Travelers Ins. Co.* 116 *Ga.* 122; and therefore the ruling in the former case must control, unless it is reviewed and overruled.    That case was not called to the attention of the court when the decision in the *Thornton* case was rendered.    The case in the 98th *Ga.* was decided upon authority, and it must be conceded that it is abundantly supported.    The ruling in the *Thornton* case seems, however, to the writer to be the better view, although candor requires an admission that there is little authority in support of it.    As the other members of the court do not think that the case in the 98th *Ga.* should be overruled, the writer concurs in the judgment upon the authority of that case, being bound thereby.    I am authorized to say that Mr. Presiding Justice Fish agrees with this view.