*N. E. & W. A. Harris,* contra.

---

ATHENS MUTUAL INSURANCE COMPANY *v.* O'KEEFE *et al.*

FISH, C. J. 1. Where a fire-insurance policy, insuring a house, contains the stipulation that it shall be void, "if the interest of the insured be other than unconditional and sole ownership," and the agent of the in-

surance company issues and delivers the policy with knowledge of the existence of a bond for title to the premises on which the house is situated, executed by the insured to another person, the policy, in so far as it relates to this matter, is binding upon the insurer. *Clay* v. *Phœnix Ins. Co.*, 97 *Ga.* 44 (25 S. E. 417) ; *Phenix Ins. Co.* v. *Searles*, 100 *Ga.* 97 (27 S. E. 779) ; *Johnson* v. *Ætna Ins. Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92).

2. Assuming that, as a general rule, a statement in such a policy, to the effect that the building insured is occupied by tenants of the insured, is a warranty, yet the fact that a person in actual possession of the same when the policy is issued is not a tenant of the insured will not render the policy void, if the agent of the insurer issues and delivers the policy knowing that such person is in possession of the property and claims to be the owner thereof under a purchase from the insured.

3. Where the agent of the insurer issued and delivered a policy, insuring the property for one year, with knowledge that the insured had given a bond for title thereto to one person, and that another person was in actual possession of the premises and claiming title thereto under a purchase from the insured, and such agent, when this policy was about to expire, without solicitation from the insured and without further investigation or information as to the title or occupancy of the property, issued and delivered to the insured another policy, which was simply a renewal of the original one for another term of one year, the insurer was, so far as questions of title and occupancy were involved, bound by the policy notwithstanding the stipulation therein as to unconditional and sole ownership by the insured and the statement that the building was occupied by tenants of the insured.

(a) This is true, although between the issuance of the original and the issuance of the renewal policy the insured had obtained a judgment against the person in possession of the premises for purchase-money of the same, and, after conveying the same to him for the purposes of levy and sale, had become the purchaser thereof at the sheriff's sale under the execution issued from such judgment, but had not been placed in possession when the renewal policy was issued or at the time the loss occurred; as the status of the property as to ownership or occupancy was not thereby so materially changed as to render the waivers, implied from issuing the policy with the information as to title and occupancy indicated in the above headnote, inapplicable to the real facts as to title and occupancy which existed when the second policy was issued.

4. The evidence upon the contested issues, while conflicting, authorized the verdict, and there was no error in refusing to grant a new trial.

　　　　　*Judgment affirmed. All the Justices concur.*

Decided February 16, 1910.

　Action upon fire-insurance policy. Before Judge Fite. Warren superior court. December 15, 1908.

　*Thomas S. Mell*, for plaintiff in error.

　*E. P. Davis* and *Hawes Cloud*, contra.