METROPOLITAN LIFE INSURANCE CO. *v.* HALE, adm'r.

No. 9271. SEPTEMBER 14, 1933. REHEARING DENIED SEPTEMBER 26, 1933.

*Barry Wright,* for plaintiff in error.
*Henderson L. Lanham,* contra.

BECK, P. J. This case came before this court on two questions certified by the Court of Appeals, as follows:

"1. Where a policy of life insurance, issued after a medical examination but without a written application, provides that 'if the insured is not alive or is not in sound health on the date hereof,

. . or has within two years before the date hereof been attended by a physician for any serious disease or complaint, or before said date has had any pulmonary disease, or chronic bronchitis, or cancer, or disease of the heart, liver, or kidneys . . unless such previous disease is specifically recited in the 'Space for Endorsements' on page 4 in a waiver signed by the secretary or an assistant secretary, . . the company may declare this policy void, and the liability of the company in the case of any such declaration in the case of any claim under this policy shall be limited to the return of the premiums paid on the policy,' and where such policy further provides that 'it constitutes the entire agreement between the company and the insured and the holder and owner thereof,' and where it further provides that 'its terms can not be changed, or its conditions varied, except by the express agreement of the company evidenced by the signature of its president or secretary, and that 'therefore agents (which term includes also managers, superintendents, and assistant managers) are not authorized and have no power to make, alter, or discharge contracts, to waive forfeitures or to receive premiums on policies more than thirty-one days in arrears,' will actual knowledge on the part of the agent of the company soliciting the insurance, or on the part of the physician examining the insured on behalf of the company, or the knowledge on the part of both such persons, acquired prior to the issuance of the policy but not communicated to any general agent or officer of the company, that the insured had in fact been attended by a physician and had one of the diseases specifically mentioned in the quoted provisions of the policy within two years prior to the date thereof, be imputed to the company; will the company, by virtue of having issued the policy with such knowledge on the part of its agents or physician or both, be deemed to have waived such condition or be estopped to claim a forfeiture on account of the breach thereof?

"2. If the foregoing question should be answered in the affirmative, would the liability of the insurance company in a suit on such a policy, even though it should be deemed to have waived such condition of the policy, or though it should be estopped to claim a forfeiture on account of the breach thereof, be limited to the return of the premiums paid on the policy?"

1. The first question must be answered in the affirmative, upon

the authority of principles applicable to the question already laid down by this court. In the case of *Mechanics &c. Insurance Co. v. Mutual Real Estate &c. Assn.*, 98 *Ga.* 262 (25 S. E. 457), it was said: "'Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent and are waived if so intended, although they remain in the policy when delivered;' and limitations therein upon the authority of the agent to waive such conditions otherwise than in writing attached to or indorsed upon the policy are treated as referring to waivers made subsequently to the issuance of the policy. See 1 May on Insurance, § 143, and authorities cited." This principle was restated and reaffirmed in the case of *Johnson* v. *Ætna Insurance Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92), where it was held: "Limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy." In the opinion, after quoting from the *Mechanics &c. Insurance Co.* case the language we have just set forth, it was said: "The language quoted fits the present case like a glove; and upon the soundness of the principle announced must depend the decision of this case. A careful study convinces us that the logic of that case is unanswerable. An insurance company receives an application for a policy. One of the rules of the company is that insurance will not be issued upon a building situated on land not owned by applicant. But the company, through its agent, knows that the applicant owns the building which he wishes to have insured, but does not own the land on which it is situated, and with this knowledge nevertheless issues a policy on the building. Certainly, after leading the applicant to believe that he would be protected, and receiving from him the premiums charged for the insurance, it should not in good conscience be heard to set up, in defense to an action on the policy, that the ownership of the building and of the land were in different persons. True, the policy states on its face that no agent has the power to waive any of the conditions of the policy, and that none of them will be deemed to have been waived unless such waiver is attached to or indorsed upon the policy in writing. But this is not a question of waiver, so much as of notice and estoppel. The agent's knowledge, as has been seen, is the company's knowledge."

It is true that in *Thornton* v. *Travelers Insurance Co.*, 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99), a different ruling was made upon the question here presented. It was there said: "The plaintiff testified that he told the agent of the company to whom the application for the policy was made, at the time the application was made, that he had hernia, and that the agent told him that it was not necessary to state this in the application, that he did not want it in the application, that the company did not require it. The purpose of this testimony seems to have been to establish a waiver on the part of the company of its right to insist upon that provision in the policy that it would not be liable for injuries resulting from hernia. The policy delivered to the plaintiff had in it a stipulation that 'No agent has power to waive any condition of this policy.' Even if the evidence offered was sufficient in itself to show a waiver, the agent had no authority to make this waiver on behalf of the company; and when the policy was delivered to the plaintiff with this stipulation appearing in the face thereof, he was put on notice that this waiver by the agent was not binding on the company, and he is precluded from setting up the waiver claimed to have been thus made. *Porter* v. *Home Friendly Soc.*, 114 *Ga.* 937 [41 S. E. 45]; Cleaver *v.* Traders Ins. Co., 65 Mich. 527, s. c. 8 Am. St. Rep. 908; Cook *v.* Ins. Co., 84 Mich. 12 [47 N. W. 568]." But in *Johnson* v. *Ætna Insurance Co.*, supra, this court said, taking notice of the doctrine laid down in *Thornton* v. *Travelers Insurance Co.:* "Our conclusion is that the ruling in the case of *Mechanics Ins. Co.* v. *Mutual Bldg. Assn.*, 98 *Ga.* 262, is sound; . . and that anything to the contrary in the case of *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 122, must yield as authority to the earlier case." In a concurring opinion in *Johnson* v. *Ætna Ins. Co.*, supra, Mr. Justice Cobb, who wrote the opinion in *Thornton* v. *Travelers Ins. Co.*, said: "There is an irreconcilable conflict between the cases of *Mechanics Insurance Company* v. *Mutual Bldg. Assn.*, and *Thornton* v. *Travelers Insurance Company*, 116 *Ga.* 122; and therefore the ruling in the former case must control, unless it is reviewed and overruled." He further stated that "the case of *Mechanics Ins. Co.* v. *Mutual Bldg. Assn.*, 98 *Ga.*, was decided upon authority, and it must be conceded that it is abundantly supported;" though he thought that the ruling in the *Thornton* case seemed to be the better view; but as the other mem-

bers of the court did not think the case in 98 *Ga.* should be overruled, he concurred in the majority opinion. As Justice Cobb said in his concurring opinion, the doctrine announced above as the correct doctrine is abundantly supported by authority.

It follows that the first question of the Court of Appeals must be answered in the affirmative, and that the second question should be answered in the negative. *All the Justices concur, except*

GILBERT, J., dissenting. Under the rulings in *Reliance Life Insurance Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469), and cit., *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183), and *Davis* v. *Metropolitan Life Insurance Co.,* 161 *Ga.* 568 (131 S. E. 490), the first question propounded by the Court of Appeals should, in my opinion, be answered in the negative. The only difference between those cases and the present case is that there was no written application mentioned in the question now being answered. It does not seem that the law of the case is different whether there was a written application or not, provided, as in the question now propounded, the policy itself gave notice to the insured. In all three of the cases here cited there were written applications, but the court held in the case first cited: "An insurance company may limit the power of its agent; and when notice that the agent's power is limited is brought home to the insured in such manner as would put a prudent man on his guard, the insured relies at his peril on any act of the agent in excess of his power. . . The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." The opinion in that case was written by the late Chief Justice Fish. In it he cited and considered all of the decisions previously rendered by this court, and which are cited as authority in the answer returned by the majority of this court, and additional cases. Obviously, notice of the limitations placed upon the agent is sufficient if it is given in the policy or if it is given in the application. And see *Metropolitan Life Insurance Co.* v. *Alexander,* 43 *Ga. App.* 385 (159 S. E. 124). The rulings in the first two cases were concurred in by all of the Justices. In the *Davis* case there were five concurrences and one dissent. For these reasons the writer can not concur in the answer to either of the two questions.