23366. METROPOLITAN LIFE INSURANCE COMPANY *v.* BUGG.

JENKINS, P. J. The terms of the life-insurance policy in the instant case appear to coincide with the stipulations of the policy set forth in the certified questions propounded to the Supreme Court in the case of *Metropolitan Life Ins. Co.* v. *Hale,* 177 Ga. 632 (170 S. E. 875), except that in the instant case it appears that there was a written application for insurance, which, however, was not attached to the policy, whereas in the *Hale* case the record in no wise indicated the existence of a written application. In that case there was no effort to prove fraud on the part of the insured, but the defense consisted in the effort to cancel the policy because the insured was not in good health at the time it was issued, which would result in that case in the admitted liability of the insurer for the actual amount of premiums paid by the insured. In the instant case the defense as made by the pleadings consists of an attack upon the policy, similar to that in the *Hale* case, with a tender back of the premiums, and also an attack upon the policy on account of the fraud perpetrated by the insured in making false statements in the application for insurance, relative to his physical condition, which, under the terms of the policy, would result in a forfeiture of the premiums paid by the insured. *Held:*

1. While it is true that the representations made in an unattached application can not be treated as "a part of the policy or the contract" (Civil Code of 1910, § 2471), and are not to be taken as covenants or warranties, still, if such statements furnished the actual basis on which the

policy was issued, and they were knowingly and wilfully false, with the intent by the applicant to defraud the insurer, the insurer may ordinarily set up these facts as a means for avoiding the policy, not under and by virtue of the terms of the contract, but because the insurance is thus shown to have been fraudulently procured. *Johnson* v. *American Nat. Life Ins. Co.*, 134 *Ga.* 800 (68 S. E. 731); *Bankers Health & Life Ins. Co.* v. *Murray*, 22 *Ga. App.* 495 (96 S. E. 347).

2. Where the insurer seeks to defeat a policy by reason of its fraudulent procurement through false and fraudulent statements made in an unattached application for the insurance, and where the plaintiff suing on the policy shows that the agent of the insurer was aware of, or was informed by the insured as to, his true condition, the ruling by the Supreme Court in *Metropolitan Life Ins. Co.* v. *Hale*, supra, is controlling in principle. Just as was held by the Supreme Court in that case, the insurer would be estopped from setting up as a defense that the insured was not in good health at the time the policy was issued, on account of the knowledge to the contrary then had by the agent; so in the instant case the company could not be permitted to set up that it was deceived on account of the false and fraudulent statements of the insured, when its agent was made fully aware of his true condition. This seems to be implied by the Supreme Court in its ruling in the *Hale* case in expressly refusing to follow the rule in *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99), where, as in this case, an application was made for the insurance. No decision is made as to whether or not the rule would be different in a case such as this, but where the application is actually attached to the policy, and by the terms of the contract is made a part thereof. Nor is there any question decided as to the effect of a conspiracy between the insured and the agent of the insurer whereby they might collude together to deceive the insurer; no such defense being made. The court did not err in the charge to the jury or in the failure to charge, or in admitting testimony, as to the knowledge of the insurer's agent of the true condition of the insured at the time the policy was issued.

3. Exception is taken to the following charge of the court: "If you believe the plaintiff has carried that burden by such a preponderance of evidence, then your verdict should be for the plaintiff for the sum of $250. If not, it should not be for that amount." The charge complained of could not possibly have prejudiced the defendant's rights, since the only issue made by the pleadings was whether or not the defendant was liable for $250 as the face amount of the policy, or $7.56 as the premiums paid by the insured and tendered to the plaintiff in its amended answer; and the trial judge elsewhere, after charging the jury that if they believed that the insured made the false and fraudulent representations alleged in order to obtain the policy, their "verdict would be for the defendant," unless the agents of the insured or either of them actually knew as to his true condition. He twice instructed the jury specifically as to the alternative forms of their verdict, either "We the jury find for the plaintiff in the sum of $250," or "We the jury find for the plaintiff in the sum of $7.56, with the costs on the plaintiff," according to the tender made by the defendant.

4. The plaintiff did not fail to prove her case as laid, on the theory that, while she sued on the terms of the policy, a recovery was had by virtue of estoppel on the part of the defendant. It was not necessary for the plaintiff to plead estoppel. *Brown* v. *Globe Fire Ins. Co.*, 161 *Ga.* 849 (2), 854 (133 S. E. 260).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

*Rodney S. Cohen,* for plaintiff in error.
*Isaac S. Peebles Jr., Nathan Jolles,* contra.