## 25822. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* CARTER.

DECIDED MARCH 3, 1937. REHEARING DENIED APRIL 3, 1937.

*Sydney F. Keeble, Wright & Covington,* for plaintiff in error. *Maddox & Griffin,* contra.

MACINTYRE, J. This case was tried in the court below at the April term, 1936, and after introduction of evidence the court directed a verdict for the plaintiff in the amount sued for, to wit, the full amount of the principal named in the face of the policy. The defendant's motion for new trial was overruled, and it excepted. The suit was brought by the plaintiff as the beneficiary in a policy issued by the defendant on the life of Arzell Carter. The policy was dated July 17, 1933. The insured died on May 5, 1935. The policy contained what is known as a "limitation-of-insurance clause," the material part of which is as follows:

"Within two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of the premium paid thereon: (1) If the insured before its date has been rejected for insurance by this or any other company, order or association; or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver, or kidneys." On the date the policy was issued and for some time previously the insured was suffering from lukemia, a serious disease or complaint, for which he had been attended and treated ·by his local physician and specialists of Atlanta, before the date of the policy, which attendance and treatment continued up to his death resulting from this disease or complaint. The evidence disclosed that the defendant's agent who solicited and delivered the policy, and also its local manager, knew of the insured's condition when the policy was delivered. The premiums paid under the policy were tendered before the suit was filed, and the offer to refund was refused by the beneficiary, the plaintiff. The only question in this case is whether under the "limitation-of-insurance clause" (above quoted), the defendant is liable for any sum in excess of premiums paid; the insured having died within two years of the date of the·policy, and having been attended by a physician for a serious disease or complaint before the date of the policy, and these facts being known to the local agent and the local manager of the defendant.

This identical "limitation-of-insurance clause" was held valid and binding on the beneficiary of the insured, in *Gray* v. *Life & Casualty Ins. Co.,* 48 *Ga. App.* 80 (supra). That decision suggests a distinction between *Metropolitan Ins. Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875), and the instant case, in that in the *Hale* case, which had a provision that "if the insured . . has within two years before the date hereof been attended by a physician for any serious disease or complaint, . . the company may declare this policy *void,* and the liability of the company in the case of any such declaration in the case of any claim under this policy shall be limited to the refund of the premiums paid on ·the policy" (italics ours), the insurance company had the right to void the policy; whereas in the instant case the insurance company has

only the right of limiting the liability under certain conditions. In Chapman *v.* Life &c. Ins. Co., 25 Ala. App. 101 (141 So. 363), the identical clause of the defendant's policy was under consideration; and the court stated the rule as follows: "Placed in the contract for the benefit of the insurer, it was none the less binding on the insured. Recognizing the limited liability, defendant pleads its tender and offer to pay. Being a valid stipulation in the contract of insurance, *it was immaterial whether the soliciting agent had knowledge or notice of the condition of insured or not. Assuming that both the agent and the company had such knowledge, the company admits the liability and offers to comply with the contract according to its terms."* (Italics ours.) Under this same clause in the policy, knowledge or lack of knowledge on the part of the insured or the insurer, before the issuance of the policy, has been held by the courts of Tennessee not to be material, and that the "limitation-of-insurance clause" provides how much shall be due and payable under the circumstances named, and reliance by the company on this clause *is not a contest of the validity* of the policy, but an insistence of the enforcement of the policy according to its terms. Russell *v.* Life &c. Ins. Co., 12 Tenn. App. 205; Scales *v.* Jefferson &c. Ins. Co., 155 Tenn. 412 (295 S. W. 58, 55 A. L. R. 537).

There are persons who are classified as bad risks, who, generally speaking, can not obtain life insurance. However, if there be insurance companies who are willing to take a chance on these bad risks (some of which are considered bad because the insured has suffered from a serious disease or complaint before the date of the issuance of the policy), by reason of the fact that there is in the policy the above-quoted "limitation-of-insurance clause," they may contract in the policy that after the expiration of the two years the beneficiary would be entitled to the full face value of the policy, but if the insured should die within the two-year period the liability of the insurance company is limited to the return of the premiums paid. We do not see that this policy would be unfair to the insured if the amount of the premiums to be paid is equitably based on the kind of policy issued. There was no allegation or proof that the insurance company was guilty of fraud or misrepresentation. It has been decided that this "limitation-of-insurance clause" is a valid and binding contract on the bene-

ficiary of the insured. *Gray* v. *Life & Casualty Insurance Co.*, supra. We do not think there was any estoppel by waiver in the instant case; for it would not be unjust to permit the insurance company to assert its rights under the "limitation-of-insurance clause" in the policy. Both parties contracted with the knowledge that before the date of the issuance of the policy the insured suffered from a serious disease or complaint, and the evidence authorized an inference that the serious disease or complaint of the insured was one of the elements that entered into and brought about this particular kind of insurance contract. *Southern Manufacturing Co.* v. *R. L. Moss Manufacturing Co.*, 13 *Ga. App.* 847 (3) (81 S. E. 263). The insured contends that the *Hale* case, supra, controls this case. With this we can not agree; for in that case it would not have been in good conscience to allow the insurance company to forfeit the entire policy because the insured deceived it, when the company knew the very thing about which it claimed to have been deceived. In that decision Judge Beck quoted with approval from *Johnson* v. *Ætna Insurance Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92): "But this is not a question of waiver, so much as of notice and estoppel." In the instant case, so far as the right given in the "limitation-of-insurance clause" was concerned, the insurance company could never forfeit the policy, irrespectively of whether the company did or did not have knowledge of the serious disease or complaint before the date of issuance of the policy, but would on the death of the insured be obligated to pay a larger or smaller amount according to the terms and conditions of the contract of insurance. *Pennsylvania Casualty Co.* v. *McLeod,* 47 *Ga. App.* 316 (170 S. E. 396). The evidence did not demand a finding that the insured did not get the particular kind of insurance for which he contracted, or a finding that there was any such unjust and unconscionable treatment of the insured by the insurer as should have estopped it from asserting its rights according to the terms of the policy.

The judge erred in directing a verdict in favor of the insured for the full face value of the policy, together with interest and cost, and in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. The defendant in error insists that there is no distinction between the case of · *Metropolitan Life Insurance Co.* v. *Hale,* 177 *Ga.* 632, and the instant case, and that the legal effects of the provisions in the policy are the same. With this contention we can not agree. In the former case it was held that the insurance company which issued a policy and accepted premiums thereunder, was precluded from setting up that the company did not know that the insured had a serious disease within two years before the date of the policy, when the agent of the company soliciting the insurance had actual knowledge of this fact, which he acquired before the issuance of said policy, but did not communicate it to any general agent or officer of the company; and that such action on the part of the agent in issuing the policy does not change the fact that the insured had a serious disease within two years before the date of the policy, but it bars the insurer from saying it did not know of this serious disease, and would for that reason cancel the policy, when in fact its agents did so know. See *Yarbrough* v. *Seagraves,* 47 *Ga. App.* 436 (170 S. E. 553). Here the company says, in effect, we do not deny that we knew that the insured had a serious disease within two years before the date of the policy, but on the contrary we say that you, the insured, also knew, both of us knew, of this serious sickness of the insured before the date of the policy, and we are merely living up to the contract of insurance made with the full understanding of this fact which both of us knew. We are upholding the policy as written, not attempting to destroy it (forever). Estoppel is negative (thou shalt not) ; it is not creative (thou shalt). In the *Hale* case the insured, it seems, was asserting the negative, thou shalt not destroy my policy; and this contention was upheld. In the instant case the insured is in effect asserting, thou shalt create a different kind of policy by changing one of the conditions in the policy as written. The policy as written can not be affirmatively transformed by estoppel.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*