### 50015. AMERICAN INDEMNITY INSURANCE COMPANY v. BROWN et al.

STOLZ, Judge.

The insured brought an action against his fire insurance carrier for breach of his policy by failure to pay the increased coverage benefits provided by an endorsement to the policy. The policy provided that "[n]o permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto," and that the insurance was provided "[i]n consideration of the provisions and stipulations herein or added hereto and of the

premium above specified (or specified in endorsement(s) and made a part hereof) . . ."

" 'Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent, and are waived if so intended, although they remain in the policy when delivered.' *Mechanics & Traders Ins. Co. v. Mutual Real Estate &c. Assn.,* 98 Ga. 262 (25 SE 457); *Johnson v. Aetna Ins. Co.,* 123 Ga. 404 (51 SE 339); *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632 (170 SE 875)." *Chester v. State Farm &c. Ins. Co.,* 121 Ga. App. 599, 600 (174 SE2d 582).

The trial judge was authorized to find from the showing on the motions for summary judgment of both sides, that the increased coverage endorsement attached to and became a part of the original policy; that, although the insured had not paid the additional premium by the effective date of the endorsement or obtained any written waiver, the agent, by not having insisted thereon either on this or on previous occasions, waived such payment and in effect extended credit to the insured; and that, in the absence of a provision in the policy that the premium payment was an express condition precedent to coverage, the unilateral change endorsement attempting to "return the original limits under the policy" was not effective on the date of the loss because of the agent's failure to comply with the provisions of Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671, as amended) for cancellation.

Accordingly, the trial judge did not err in denying the defendant's motion for summary judgment and in granting a partial summary judgment for liability alone for the plaintiff.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975 — REHEARING DENIED FEBRUARY 19, 1975.

*Powell, Goldstein, Frazer & Murphy, E. A. Simpson, Jr., William F. Clark,* for appellant.
*Joseph E. Loggins,* for appellees.