50177, 50178. ATLANTIC & PACIFIC LIFE INSURANCE COMPANY OF AMERICA et al. v. ENGLAND et al.; and vice versa.

STOLZ, Judge.

In this action by the beneficiaries to recover under their son's $15,000 life insurance policy, the showing on the defendant insurer's motion for summary judgment was substantially that the application for the policy, attached to the policy, was taken on a Servicemen's Group Life Insurance (SGLI) replacement form; that, under federal law, the insured was entitled to a replacement policy for his SGLI policy (which expired 120 days after his discharge from the armed forces) with no prerequisite of insurability; that the policy in question issued by the defendant insurer was made effective one week prior to the expiration of the SGLI coverage; that the insured's representation on the application, that he had never been treated for or advised by a physician that he had cancer, was apparently true when made; that the defendant insurance agent personally delivered the policy to the plaintiffs, along with a letter from the defendant insurer stating that the policy was a regular whole life policy (containing an insurability prerequisite), rather than an SGLI replacement policy; that, according to the plaintiffs, they advised the defendant agent of the insured's lack of insurability (terminal cancer) at the time of the delivery of the policy, and the agent waived the requirement of insurability (which notice and waiver were denied by the agent); that the application contained no limitation on the power of the agent to waive conditions of insurability; that the insured continued to make premium payments

until his death; that the plaintiffs have recovered under a $15,000 SGLI replacement policy with another insurer.

The defendants appeal, with a certificate for immediate review, from the denial of their motion for summary judgment. The plaintiffs cross appeal from the same order, enumerating as error certain findings of the court.

1. The showing on the motion for summary judgment authorized the trial judge's finding that the insured son, as a matter of law, was not insurable at the time of the delivery of the policy.

2. The trial judge erred in his finding "that, as a matter of law, the communication to the agent concerning the bad health of the insured, made after the issuance and before delivery of the policy, did not create a waiver by the company and that the policy itself constituted the entire understanding between the parties."

In the first place, it was a jury question whether there was such a communication to the agent, since the agent denied that there was.

In the second place, " 'Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent, and are waived if so intended, although they remain in the policy when delivered.' *Mechanics & Traders Ins. Co. v. Mutual Real Estate &c. Assn.,* 98 Ga. 262 (25 SE 457); *Johnson v. Aetna Ins. Co.,* 123 Ga. 404 (51 SE 339); *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632 (170 SE 875)." *Chester v. State Farm &c. Ins. Co.,* 121 Ga. App. 599, 600 (174 SE2d 582); *American Indemn. Ins. Co. v. Brown,* 134 Ga. App. 34. In the absence of a limitation on the power of the agent to waive the conditions of insurability in the application, which was attached to and became a part of the policy (*Life & Cas. Ins. Co. of Tenn. v. Williams,* 200 Ga. 273 (36 SE2d 753)), a jury might find that such a waiver was intended and effected if it believes the plaintiffs' evidence that the agent, after being informed of the insured's condition, delivered the policy in question, specifically indicating that the new medical information was of no significance with respect to the issuance of the policy and expressing his pleasure in being able to deliver insurance coverage at a time of obvious need.

3. The trial judge correctly found that a jury question exists as to whether the defendant insurer waived the provisions of the policy requiring insurability by its use of the SGLI replacement form (which insurance does not require insurability). Under the provisions of the policy, the policy and the application are the entire contract between the applicant and the insurer; therefore, the insurer's covering letter, being a void, unilateral attempt to modify the contract between the parties, at most increased the ambiguity already created by the conflicts between the application and the policy, as further complicated by what could be found to be a waiver of insurability by the agent.

The facts, that the federal statute enabling the conversion of the SGLI (38 USCA § 768 (c)) may contemplate only one conversion (since otherwise an uninsurable SGLI policyholder might obtain unlimited conversion policies without evidence of insurability), and that the plaintiffs have already recovered under an SGLI replacement policy, would not demand a finding that insurability was not waived by the combination of factors here shown possibly to have existed, i. e., use of the SGLI replacement form application, waiver by the agent prior to delivery, and continued acceptance by the insurer of premium payments.

Accordingly, the trial judge correctly denied the defendant's motion for summary judgment, leaving the case to be tried before a jury for the resolution of the factual issues as to waiver by the use of the SGLI replacement form application, as found to exist by the trial judge, and as to waiver by the agent, as we have indicated hereinabove.

*Judgment affirmed with modification on the appeal and the cross appeal. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED APRIL 10, 1975.

*Hugh F. Newberry,* for appellants.
*Martin, Kilpatrick & Davidson, Marcus B. Calhoun, Jr.,* for appellees.