16993. FREEMAN *v.* METROPOLITAN LIFE INSURANCE COMPANY.

STEPHENS, J. 1. A provision in a life-insurance policy which limits liability in the following terms has reference to death by suicide only, and not to an accidental death without suicidal intent, although death may have been caused by the insured's own hand or act: "Suicide. If the insured within one year from the date of issue hereof die by his own hand or act, whether sane or insane, the liability of the company hereunder shall be limited to an amount equal to the premiums which have been received, without interest."

2. In a suit by the beneficiary upon a policy where liability was denied by the defendant solely upon the ground that the death of the deceased was caused by his own hand or act, a charge by the court to the effect that if the insured committed suicide or caused his death by his own act or hand, the plaintiff could not recover the amount of the policy, tended to leave upon the jury the impression that the plaintiff could not recover if the insured had accidentally, and not with suicidal intent, caused his death by "his own act or hand." The charge was error and requires a new trial.

3. The verdict of the coroner's jury which found that the deceased came to his death by his own hand was not an adjudication against the plaintiff in a suit upon the policy. The verdict amounted to no more than hearsay, and was not competent to establish the cause of the death of the insured. Since the insurance company admitted the death of the insured and defended against the suit upon the ground that he came to his death by his own hand or act, the written proof of death filed with the company by the plaintiff, which was relevant only to establish the fact of death, which was undisputed, was irrelevant and immaterial to establish any issue. Since the proof of death, which was admitted in evidence when offered by the defendant, contained as a part thereof the verdict of the coroner's jury to the effect that the death of the deceased was caused by his own hand, and also contained as a part thereof the evidence adduced before the coroner's jury, all of which was hearsay, it was prejudicial to the plaintiff, and its admission in evidence over the plaintiff's objection on the ground of irrelevancy was error.

4. Whether the death of the insured, if caused by his own hand, was inflicted with suicidal intent, involved an inquiry into the insured's state of mind at the time of death. Any statement or declaration made by the insured prior thereto that he intended to kill himself was not hearsay, and when made three or four days before death was a substantial fact tending to establish a mental condition, and was therefore relevant and properly admitted for the purpose of showing suicidal intent.

5. The court having properly charged the jury that the fact of the insured's committing suicide could be established by circumstantial evidence, it was not error, in the absence of a timely written request, to fail to further instruct the jury upon the nature and character of circumstantial evidence.

6. No other error appears.

7. A verdict having been rendered for the defendant, under the above rulings the court erred in overruling the plaintiff's motion for a new trial.     *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1926.

Complaint; from Floyd superior court—Judge Maddox. October 30, 1925.

*Denny & Wright,* for plaintiff.

*Maddox, Maddox & Mitchell,* for defendant.