20477. AMERICAN NATIONAL INSURANCE COMPANY *v.* ANDERSON.

STEPHENS, J. 1. A condition in a life-insurance policy, that the contents of the proofs of death required by the policy "shall be evidence of the facts therein stated in behalf of, but not against the company," is valid. *Fair* v. *Metropolitan Life Ins. Co.*, 5 *Ga. App.* 708 (3) (63 S. E. 812). In a suit upon such a policy the proofs of death furnished in compliance with the provision of the policy constitute prima facie evidence of the facts stated therein, and, when unexplained or rebutted, are, as against the plaintiff, conclusive proof of these facts. 37 C. J. 560; Mutual &c. Insurance Co. *v.* Newton, 89 U. S. 32 (22 L. ed. 793).

2. In a suit by the beneficiary to recover under a life-insurance policy which contained a provision that in the event of the death of the insured from suicide within one year from the date of issuance of the policy there would be no liability by the insurer other than a return of the premiums paid on the policy, where it appears, from the certificate of the attending physician which was filed as a part of the required proof of death and introduced in evidence, that the death of the insured was due to "suicide," and that "the contributing cause of death" was "mercurial poisoning," prima facie the insured's death was suicide caused from mercurial poisoning; and where, in addition to the proofs of death, there was uncontradicted evidence that the insured, who at the time of his death, which occurred within one year from the date of the issuance of the policy, was a boy about fourteen years of age and had recently been sent to the State training school for boys because of his infraction of the law, and had been confined in that institution, and had on account of this confinement become very despondent, and, after having been sentenced and before being transported to the institution, had stated that he would rather die than to go there, that shortly after arriving at the institution the insured continued despondent and swal-

lowed cyanide of mercury, a deadly poison, and that, as a result of the use of a stomach pump, cyanide of mercury was found in his stomach, and there was no evidence as to whether the poison was taken by the insured intentionally or by accident or mistake, or to show that the proof of death was prepared and furnished by mistake or misapprehension, or otherwise impair its force and effect, the evidence demanded the inference that his death resulted from suicide, and the verdict found for the plaintiff was unauthorized. *Freeman* v. *Metropolitan Life Ins. Co.*, 35 *Ga. App.* 770 (134 S. E. 639), is distinguishable. There the evidence was that the insured died "by his own hand or act" which was not necessarily "suicide." The latter expression involves the idea of an intentional death only.

3. It was not error to exclude from evidence a petition of the insured for habeas corpus and the order of the court thereon denying his discharge, offered in evidence for the purpose of showing that by reason of a failure to be released from imprisonment he had a motive to commit suicide, when the uncontradicted evidence adduced upon the trial showed that he had been recaptured and sent to prison and was in prison at the time of his death.

4. It was the plaintiff's right to put in evidence the answers on cross-examination of a witness whose depositions had been taken at the instance of the defendant. The admission of this evidence was not error on the ground that the plaintiff was thereby permitted to cross-examine his own witness or to propound to the witness leading questions.

5. The court did not err in excluding answers in the depositions which were based upon hearsay.

6. In view of the ruling in paragraph 2 above, which holds in effect that a verdict should have been directed for the defendant, it is not necessary to pass upon the assignments of error wherein excerpts from the charge of the court are objected to as erroneously submitting the issue as to whether the insured committed suicide.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED FEBRUARY 13, 1931.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Porter & Mebane,* contra.