23218. GRAY *v.* LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

Decided November 27, 1933.

*Mitchell & Mitchell,* for plaintiff.

*Wright & Covington,* for defendant.

Guerry, J. Mattie Gray brought an action against the Life and Casualty Insurance Company, hereinafter called the company, upon a policy of insurance issued by it on the life of Irene Gray, a minor twelve years old. This policy was issued on July 27, 1931, and death occurred October 7, 1931. The policy provided as follows: "Limitations of actions. Within two years from the date of issuance of this policy the liability of the company un-

der the same shall be limited, under the following conditions, to the return of the premiums paid thereon: (1) If the insured before its date has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys; . . " Also: "Payment of premiums. This policy shall not take effect prior to the date of the same, nor unless the first premium shall have been paid in cash, and the contract delivered and accepted during the lifetime and sound health of the insured, and if the insured is not in sound health at the time of the delivery of the policy it shall be void whether the condition of bad health had its origin prior or subsequent to the application for this policy, or was not known to the insured." The company pleaded that under the foregoing provisions of the policy it was liable only for the return of the premiums paid thereon, for the reason that prior to the issuance of the policy, the insured had been treated by a physician for glandular tuberculosis or tubercular adenitis, commonly called scrofula, which disease was a serious disease within the meaning of the clause above quoted. On the trial of the case the judge, at the conclusion of the evidence, directed a verdict in favor of the plaintiff for the amount of the premiums paid on the policy. The plaintiff excepted.

■ The plaintiff in error contends that the provision in the policy termed "Limitations of actions," that the beneficiary's right to recover is limited to the premiums paid if death shall occur within two years from the issuance of the policy, provided the insured has been treated before the issuance of the policy by a physician for a serious disease, is void; that this provision, not having a time limit therein, is contrary to public policy and can not be enforced. There is cited in support of this contention the opinion in Metropolitan Life Insurance Co. v. Walters, 215 Ky. 379 (285 S. W. 252, 60 A. L. R. 194), which says: "A condition avoiding a life-insurance policy if at any time the insured has been attended by a physician for a serious disease or complaint is unreasonable and therefore invalid." There is, however, quite a distinction between avoiding a policy and limiting the liability thereon. Especially is this true when the evidence discloses that

the disease for which the insured had been treated was the same disease which caused the death of the insured within less than three months after the issuance of the policy, and where it is also shown that insured was under treatment by a physician from April to October within two years prior to the issuance of the policy. In the present policy the liability thereon is limited to a return of the premiums in the event the insured dies within two years from the date of its issuance and had before the issuance of the policy been treated by a physician for a serious disease or complaint. In Champion v. Life & Casualty Insurance Co., Ala. App. (141 So. 363), the court, in holding valid a provision similar to the one here attacked, said: "The limitation of the company's liability set out in the above pleas is the proper subject of contract between the parties. In the absence of fraud or misrepresentation on the part of the company or its authorized agents, this part of the policy contract is as binding on the insured as is any other. Placed in the contract for the benefit of the insurer, it was none the less binding on the insured." See also the case of Reinhardt v. Life Insurance Co., 201 N. C. 785 (161 S. E. 528). The limitation-of-insurance clause in this case provides how much will be due and payable under the circumstances named therein, and a reliance by the defendant thereon is not a contest of the validity of the policy, but is an insistance upon the enforcement of the policy according to its terms. Parties to an insurance contract have the right to insert therein a lawful stipulation limiting the amount of insurance to be payable under certain circumstances named therein. We are of the opinion that the provision of the policy here attacked is valid, and that the plaintiff is bound thereby. Therefore there is no merit in this ground of the motion for new trial.

■ It is insisted that the evidence is in conflict as to whether the insured had been treated for a serious disease and it was error for the court to direct a verdict. We agree that generally questions of this character are questions to be determined by the jury under instructions from the court, but in the case at bar there was no evidence before the jury upon which they could find that the disease that the insured was treated for was not a serious disease. The testimony of all the physicians was to the effect that glandular tuberculosis was a serious disease, and that while she

(the insured) was sick only six or eight weeks during her last illness, it was very improbable that she could have advanced to her then state, unless she had been suffering with the disease some time prior to her death. The fact that she was treated for this disease prior to the issuance of the policy was nowhere disputed by the evidence of the plaintiff, but in fact was admitted. It was also undisputed that the insured died on October 7, 1931, less than three months from the date of the policy, from the effects of the disease of glandular tuberculosis. The doctor who treated the insured before the issuance of the policy testified that the insured· responded to treatment, but that the last time he saw her "she had not recovered." We think, therefore, that in view of the fact that death occurred within less than two years after issuance of the policy, under the condition contained therein of limited liability, viz. to the return of the premiums paid, the court did not err in directing the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*