24656. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE
v. NORTON.

SUTTON, J. 1. On April 3, 1933, the Life & Casualty Insurance Company of Tennessee issued a policy of industrial life-insurance on William C. Norton, in which Zellia B. Norton was designated beneficiary. The policy provided that in the event of the death of the insured under its terms the insurer would pay to such beneficiary $160. The policy also contained a provision that "Within two years from date of issuance of this policy, the liability of the company under the same shall be limited, under the following conditions, to the return of the premiums paid thereon: (1) If the insured before its date . . has been attended by a physician for any serious disease or complaint; or has had before any pulmonary disease . . or disease of the heart . ." The insured died on May 5, 1933. The insurer refused to pay the beneficiary, denying liability under the policy. The beneficiary brought suit on it against the insurance company. On the trial undisputed evidence showed that the insured was attended and treated by a physician for two serious diseases and had heart trouble prior to the issuance of the policy; and in fact was being so treated up to the time of his death from such troubles. In these circumstances, a verdict in favor of the insurance company was

demanded, and the trial judge erred in overruling the defendant's motion for a new trial, complaining of the verdict rendered in favor of the beneficiary for the full amount of the policy. It appears that the insurance company offered to return the premiums paid by the insured and tendered such amount into court. This case is controlled by the decision of this court in *Gray* v. *Life & Casualty Ins. Co.*, 48 *Ga. App.* 80 (171 S. E. 835), which involved provisions identical with those of the insurance contract in the present case, and in which the undisputed facts were similar to the undisputed facts in this case.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1935.

*R. D. Jackson,* for plaintiff in error. *Boykin & Boykin,* contra.