27052. SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* EVERETT, guardian.

DECIDED NOVEMBER 7, 1938.

*Robert G. Plunkett, R. F. Scarborough, Lewis H. Fowler,* for plaintiff in error.

*Augustine Sams, Grigsby H. Wotton,* contra.

FELTON, J. This was a suit by the guardian of minor beneficiaries against Sovereign Camp Woodmen of the World, on an insurance policy. The judge of the municipal court of Atlanta ren-

dered judgment for the plaintiff on an agreed statement of facts, in which appears the following: "That on May 10, 1937, the said A. W. Everett came to his death from a pistol wound through the head, inflicted by Warren Everett, same being justifiable homicide done on account of the apparent necessity of such act for the protection of the life of his mother, the said Willie Mae Everett. The said Warren Everett is the son of the deceased, said A. W. Everett, and one of the beneficiaries designated in the certificate." The section of the constitution, laws, and by-laws of the insurance association, which formed a part of the insurance policy, provided in part that the policy should be void "if the member should die by his own hand or act, whether sane or insane; or if any beneficiary, whether sane or insane, causes the death of the member or is accessory thereto, . . or dies by the hands of justice, or in consequence of the violation of the laws of the State."

1. The only question involved in this case is how the constitution, laws, and by-laws of the association are to be construed in the light of the facts of the case. There is no question of the court's changing or rewriting the contract, nor is any question of public policy involved. We are to be guided by two fundamental rules of interpretation of insurance contracts; i.e., construction against the insurer in cases of doubt, and construction in favor of the object to be accomplished. In view of the agreed statement of facts we are of the opinion that the judgment of the lower court should be affirmed. The killing of the insured was justifiable. Therefore the policy was not voided under the terms of the policy providing that it should be void if the beneficiary should cause the death of the member, construing the provision to mean that the death should be illegal and without justification. The killing took place as the result of an *apparent* necessity to kill in order to protect the mother of the killer. It does not appear that the insured was violating any law at the time he was killed, or what, if anything, he was doing. The agreement as to the *apparent* necessity eliminates the idea of a real necessity; and therefore the policy is not voided by the member's having been killed while engaged in an illegal attack on his wife. It would seem that the wholesome and salutary purpose of the provision with reference to a beneficiary's causing the member's death is to prevent a beneficiary from taking the life of an insured for the purpose of collecting the insurance. It falls too

644

far short of comporting with common sense, or with the practice of insurance companies to contract for double indemnity in cases of accidents upon the payment of small premiums, to say that it was intended that the policy would be voided by an accidental killing of the insured by a beneficiary. In our judgment the killing in this case was one which can be classed in the same category with accident, if in fact it was not an accident. See *Freeman* v. *Metropolitan Life Insurance Co.*, 35 *Ga. App.* 770 (134 S. E. 639). The shooting of the member by the beneficiary was accidental if he was ignorant of a material fact or circumstance which would have caused him to act differently if he had known it. *Peppers* v. *Sovereign Camp Woodmen of the World,* 53 *Ga. App.* 851, 855 (187 S. E. 215), and cit. The insurer contends that the fact that the words "sane or insane" appear is conclusive that the provision does not mean murder. The contrary seems to be the case, because if murder was not intended there would have been no necessity for inserting the words "sane or insane." If murder was intended, it was necessary to provide for cases of killing by an insane person if the policy was to be voided thereby. Another reason why we think the provision means murder is the further provision that if the beneficiary is *accessory* to the killing, the policy would be void. There is no such thing as an accessory before or after the fact to an innocent or accidental homicide. Under the facts agreed on, and under the provisions of the contract, we hold that the contract was not intended to cover a homicide of the kind in this case, and that the judge correctly rendered a judgment in favor of the guardian of the minor beneficiaries.

*Judgment affirmed. Stephens, P. J., concurs, Sutton, J., dissents.*