## 27223.   FOWLER v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

DECIDED MARCH 1, 1939.

*William A. Ingram,* for plaintiff.
*Wright & Covington,* for defendant.

FELTON, J.   Clifford R. Fowler, beneficiary, sued the Life &

Casualty Insurance Company upon an industrial life-insurance policy, issued upon the life of Mrs. Mattie E. Fowler. The company defended upon the ground that the insured had been treated by a physician for a serious disease before the issuance of the policy, and died within two years of its issuance. The evidence was conflicting, and there was a question for the jury as to whether the insured died from the serious disease for which she was treated before' the issuance of the policy or whether it contributed to her death. The judge directed a verdict for the insurance company and denied a new trial to the plaintiff, to which judgment he excepted.

1. The provision of the policy limiting the insurance is as follows: "Within two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of the premiums paid thereon: (1) If the insured ·. . has been attended by a physician for· any serious disease or complaint. . ." The question to be decided is whether the provision in the contract is effective to limit the liability on the policy to the return of premiums if the insured dies within two years after having been previously treated for a serious disease or complaint whether or not the disease or complaint caused the death or contributed thereto. This is the first time this question has arisen for determination by the appellate courts of this State so far as our investigation reveals. It has been decided in a number of cases that the provision is effective, to so limit the contract if the serious disease or complaint for which the insured was attended by a physician caused or contributed to the death of the insured, which means that the limitation applies to the condition of the insured at the date of the policy. *Gray* v. *Life & Casualty Insurance Co.*, 48 *Ga. App.* 80 (171 S. E. 835); *Life & Casualty Insurance Co.* v. *Carter*, 55 *Ga. App.* 622 (191 S. E. 153); Kipp v. Metropolitan Life Insurance Co., 41 App. Div. 298 (58 N. Y. Supp. 494); Gerlach *v.* Metropolitan Life Insurance Co., 112 N. Y. Supp. 1095. At the outset, the question involved should be distinguished from misrepresentations amounting to warranties, where an application is attached to a policy, and misrepresentations which may amount to fraud in the procurement of a policy where the application is not attached. Here we have simply the construction of. the limiting clause in the policy. Ordinarily parties to contracts

may contract as they please, and it is of no concern to the courts that they may be unjust or inequitable, in the absence of fraud, accident, mistake, or undue influence.

However, insurance contracts are affected with a public interest, and are to be construed in favor of the insured and the beneficiaries and in accordance with the purposes for which they are written. The period within which the attendance by a physician operates to limit the policy in this case is unlimited, except of course by the age of the insured. The cases we have cited in effect hold that the provision is valid in spite of that fact, if the disease attended caused the death or contributed thereto. The question we now come to is whether the provision is valid at all when the disease for which the insured was attended did not cause or contribute to the death of the insured, when it is unlimited as to the time of the attendance. We are inclined to think that the provision would be valid if the attendance were limited to a reasonable time, for the reason that it is reasonable and proper for an insurance company to contract against a risk which had recently been attended for a serious disease or complaint, even if it has no connection with the death of the insured, even as a material misrepresentation might avoid a policy even though the disease with reference to which the misrepresentation was made had no connection with the death, and yet to say that insurance may be limited because of a physician's attendance upon an insured forty years before his death for a serious disease long since recovered from, opens the field for broad injustice and fraud. So the limiting provision in this case, as to diseases not causing or contributing to the insured's death, must fall entirely as being unreasonable and against public policy even if the attendance was actually done within a time which might have been held reasonable if it had been contained in the policy. The whole provision must fall, as to the cases referred to, because of the unreasonable possibilities. The provision of limitation must have a reasonable relationship to the acceptability of the risk. This conclusion is based on the sole idea that justice in every case coming under this kind of limitation will be done if the insurance companies are protected against risks which they in good faith and reasonably intend to avoid by their contract. This conclusion, in effect, was also reached in the case of Metropolitan Life Insurance Co. v. Walters, 215 Ky. 379 (285 S. W. 252, 60 A. L. R. 194).

The court erred in not submitting to the jury the question whether the disease of which the insured died was caused or contributed to by the disease or complaint for which she was attended by a physician before the policy was issued.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*