27195. HAMRICK *v.* PROGRESSIVE LIFE-INSURANCE CO.

DECIDED MARCH 2, 1939.

*Wyatt & Morgan,* for plaintiff.

STEPHENS, P. J. 1. A provision in a life-insurance policy that if, before the date of the policy, the insured "has had any pul-

monary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, . . any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company," has reference only to such disease, among those named, which was the cause of or contributed to the death of the insured. Where the insured died within five months after the issuance of the policy of one of the diseases named, such as a disease of the kidneys, and where two or three years before the issuance of the policy the insured had had the disease which caused or contributed to the death, the liability of the company, in the absence of fraud, is limited to the return of all premiums paid. *Gray* v. *Life & Casualty Ins. Co.,* 48 *Ga. App.* 80 (171 S. E. 835); *Fowler* v. *Life & Casually Ins. Co.,* 59 *Ga. App.* 530 (1 S. E. 2d 595).

2. A provision in a life-insurance policy that "proofs of death shall be made upon blanks to be furnished by the company and shall contain the answer to each question propounded to the claimant, to physicians and to other persons, and shall contain the record evidence and verdict of the coroner's inquest, if any be held," and that "all the contents of such proofs of death shall be evidence of the facts herein stated in behalf of, but not against, the company," is valid. On the trial of a suit against the company to recover under the policy for the death of the insured, where the proofs of death, as required under the policy, had been furnished, the contents of the statement of the physician as to the cause of the insured's death, and as to his having treated the insured in the past at a time which was before the issuance of the policy, for the same disease which caused the death, contained in the physician's certificate furnished as a part of the proofs of death is, on the trial of a suit against the company to recover under the policy for the death of the insured, admissible in evidence for and in behalf of the insurance company, and constitutes prima-facie evidence as to the cause of the death of the insured and as to the insured's affliction in the past with the same disease which caused the death. Such certificate conclusively establishes these facts unless they are explained or rebutted by other evidence. *American National Ins. Co.* v. *Anderson,* 42 *Ga. App.* 624 (157 S. E. 112). 37 C. J. 560, § 316.

3. On the trial of a suit by the beneficiary under a life-insur-

ance policy, to recover for the death of the insured, where the policy contained the provisions above quoted and referred to, and where it appeared from the evidence that the policy, on October 28, 1935, was issued to the insured, the plaintiff's mother, that the insured died on March 7, 1936, which was within five months after the issuance of the policy, that, as it appears from the certificate of a physician which was furnished to the company as part of the proofs of death, as required by the policy, that the insured "died with apoplexy, acute dementia hypertension nephritis," that he had visited the insured during her last illness, the first visit being November 11, 1935, and the last visit being March 7, 1936, that in the year 1932 or 1933, he had attended her for "nephritis edoema," and where the only evidence tending in any way to explain or rebut this evidence contained in the physician's certificate accompanying the proofs of death, was that of the son of the deceased that his mother was in the hospital two or three years before she died, stayed there no more than two weeks, that after she got up she did all her housework including the sewing, complained at times about not feeling very well, that she consulted the doctor (the same one who made the statement in the certificate accompanying the proofs of death) in 1935 after the policy had been issued, that after the policy was taken out and after she had visited the physician she suffered a stroke of paralysis, that she was taken in her last illness very suddenly and died suddenly, that she died in March after the policy was issued in October, 1935, that the condition of her health was fair after she was treated by the doctor after the policy was issued, and until the time of her death, that she carried on her housework the same as she had done before, that her health was not below normal after that, that her health became bad after the policy was issued, that her health was good before she consulted the doctor, that at the time the policy was issued her health was good, the evidence contained in the certificate of the physician accompanying the proofs of death that the deceased had died in March, 1936, from kidney disease, and that she had suffered from the same disease in 1932 or 1933 was not rebutted or denied. The condition of the health of the deceased, as described in the rebuttal evidence appearing in the testimony of the son, is perfectly consistent with the fact that the deceased died with a disease of the kidneys and had been afflicted with the disease

of the kidneys at the times indicated in the doctor's certificate. Under the provisions of the policy and the undisputed and uncontradicted evidence it appears as a matter of law that the liability of the defendant was limited to the return of the premiums which had been paid. The trial judge therefore did not err in directing a verdict for the plaintiff in the amount only of the premiums which it appeared from the evidence had been paid. The court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*