27668. METROPOLITAN LIFE INS. CO *v.* PHILLIPS.

Decided November 24, 1939.

*Cohen & Cohen,* for plaintiff in error. *W. D. Lanier,* contra.

SUTTON, J. John Harold Phillips, as beneficiary, brought suit against Metropolitan Life Insurance Company to recover the face value of a policy of insurance issued by the company to his mother, Mrs. Dena Phillips, under date of November 23, 1936, who died May 3, 1937, seeking to recover also 25 per cent. penalty and $52.50 as reasonable attorney's fees on account of alleged bad faith in refusing to make payment. The application for insurance was not attached to the policy. Among other things it was provided in the policy: "This policy constitutes the entire agreement between the company and the insured and the holder and owner hereof. . . If (1) the insured is not alive or is not in sound health on the date of issue hereof; or if (2) before the date of issue hereof the insured has been rejected for insurance by this or any other company, society or association, or has, within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint, or, before said date of issue, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical attention or previous disease is specifically recited in the 'Space for Endorsements' on the fourth page in a waiver by the company; or if (3) any policy on the life of the insured hereunder has been previously issued by this company and is in force at the date of issue hereof, unless the number of such prior policy has been endorsed by the company in the 'Space for Endorsements' on the fourth page hereof (it being expressly agreed that the company shall not, in the absence of such endorsement, be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this policy shall not be deemed a waiver of such last-mentioned condition), then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy shall be limited to the return of premiums paid on the policy except in the case of fraud, in which case all premiums will be forfeited to the company." The "Space for Endorsements" was blank.

The defendant admitted its refusal to pay after due proof of loss

had been submitted, but denied that its refusal was in bad faith, and set up several defenses, one of which was that the insured had within two years preceding the date of the issuance of the policy on November 23, 1936, been attended by a physician for a serious disease, namely splenomyelogenous leukemia, and that under the policy its liability in such case was limited to a return of the premiums paid, and that it had tendered to plaintiff the amount so paid. When the case came on for trial tender was again made and refused. The jury returned a verdict in favor of the plaintiff for the items sued for. The defendant filed a motion for new trial on the general grounds, and by amendment added several special grounds. The court overruled the motion for new trial, and the exception here is to that judgment.

Under the provision of the policy the liability of the defendant in case the insured had, within two years preceding the date of the issuance of the policy, been attended by a physician for a serious disease was limited to a return of the premiums paid. With reference to such a provision it was said in *Gray* v. *Life &c. Ins. Co. of Tennessee,* 48 *Ga. App.* 80, 82 (171 S. E. 835) : "In the present policy the liability thereon is limited to a return of the premiums in the event the insured dies within two years from the date of its issuance and had before the issuance of the policy been treated by a physician for a serious disease or complaint. In Champion *v.* Life & Casualty Insurance Co., Ala. App. (141 So. 363), the court, in holding valid a provision similar to the one here attacked, said: 'The limitation of the company's liability set out in the above pleas is the proper subject of contract between the parties. In the absence of fraud or misrepresentation on the part of the company or its authorized agents, this part of the policy contract is as binding on the insured as is any other. Placed in the contract for the benefit of the insurer, it was none the less binding on the insured.' See also the case of Reinhardt *v.* Life Insurance Co., 201 N. C. 785 (161 S. E. 528). The limitation-of-insurance clause in this case provides how much will be due and payable under the circumstances named therein, and a reliance by the defendant thereon is not a contest of the validity of the policy, but is an insistence upon the enforcement of the policy according to its terms. Parties to an insurance contract have the right to insert therein a lawful stipulation limiting the amount of insurance to be payable under certain

circumstances named therein. We are of the opinion that the provision of the policy here attacked is valid, and that the plaintiff is bound thereby. Therefore there is no merit in this ground of the motion for new trial."

The principle of nonliability under the circumstances named is, as shown, based on contractual rights, and the good or bad faith of the insured or lack of knowledge of his physical condition does not enter into the consideration. While it might reasonably be said from the evidence in the present case that the insured was not aware that she was afflicted with a serious disease, it must be held as a matter of law that the uncontradicted evidence shows that she had been attended by a physician, within the period named in the policy contract, for a serious disease, namely, splenomyelogenous leukemia. It was also shown that her death, on May 3, 1937, was caused or contributed to by this same disease. Dr. Peter B. Wright testified that the insured was first seen by him professionally on July 20, 1934, and that at that time she had a right good-sized mass in her left side; that he advised her to go to a hospital for study, and that there a diagnosis of leukemia was made; that such disease is 100 per cent. fatal, and he referred her to Dr. L. P. Holmes at the hospital for x-ray treatment and such treatment was administered under Dr. Holmes' direction; that the witness last saw her on April 25, 1936, at which time the progress of the disease was very grave and the outlook not very bright, and that she died from that disease. Dr. L. P. Holmes testified that he treated the insured with x-ray at the University Hospital in Augusta, Georgia, beginning on July 25, 1934, for a disease known as "nyologa" leukemia, a fatal disease with usual life expectancy of two to five years; that he gave her six x-ray treatments in 1934, four in 1935, seven in 1936, and four in 1937; that the last time she was admitted to the hospital was on April 15, 1937, and that she was discharged on May 3, 1937. Dr. F. L. Lee, who attended the insured during the last few months of her life, testified that she was brought to him to see if he could help her, and that there was no question at all about her having leukemia, and that her death was caused by "acute streptococus colitis, complicated by the infection she had had for some time." The certificate of death filed by him showed the cause of death as "acute bronchial pneumonia, acute streptococus colitis, duration, from personal knowledge, two

weeks," and "contributory or secondary cause of death being myelogenous leukemia."

In these circumstances the defendant's liability, under the contract, was limited to a return of the premiums paid, and a verdict in favor of the defendant was demanded as a matter of law as to the items sued for. *Metropolitan Life Ins. Co.* v. *Dodd,* 41 *Ga. App.* 243 (152 S. E. 850) ; *Metropolitan Life Ins. Co.* v. *Jones,* 47 *Ga. App.* 688, 690 (2) (171 S. E. 315) ; *Gray* v. *Life &c. Ins. Co. of Tennessee,* supra; *Hamrick* v. *Progressive Life Ins. Co.,* 59 *Ga. App.* 553 (1 S. E. 2d, 596). It follows that the court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*