### 28081.  LIFE & CASUALTY INSURANCE CO. v. WORLEY.

DECIDED FEBRUARY 17, 1940.

*Leon & Dean Covington,* for plaintiff in error.

SUTTON, J.   Ida Worley, as beneficiary, sued the Life & Casualty Insurance Company on an insurance policy on the life of

John Collier. The policy was issued on July 13, 1936, and contained the following limitation-of-insurance clause: "Within two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of the premium paid thereon: (1) If the insured before its date has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys; . ." The defendant in its answer alleged that the insured, before the date of the issuance of the policy sued on, had been attended by a physician for a serious disease, and that he died within two years from the date of the issuance of said policy, and that, under the terms and provisions of the policy, the defendant was liable to the plaintiff only for a refund of the premiums paid on the policy, which the defendant had offered to pay before the suit was brought and then tendered the same into court along with its answer.

The undisputed evidence showed that John Collier, the insured, was admitted to the Milledgeville State Hospital from Walker County, Georgia, on November 27, 1935, and within a few days thereafter was given a thorough mental and physical examination by Dr. Bradford, one of the physicians at said hospital, who found him to be suffering with dementia paralytica caused from a syphilitic infection, the said disease having progressed to a point where it had affected the brain tissue of this patient; that this was a serious disease and was regarded as incurable; that Dr. Bradford continued to treat him until January 29, 1936, when he was transferred to Dr. Yarborough, another physician on the staff of that institution, who treated him until February 21, 1936, at which time Collier was released on furlough, from which he returned to the hospital on January 28, 1937, and was then under the care and treatment of Dr. Yarborough from that time until the date of his death on May 6, 1938; that Dr. Yarborough's diagnosis was the same as that of Dr. Bradford, this physician testifying that he was suffering with the same disease on his return to the hospital, and that he continued to suffer therewith until he died from this disease on the date just mentioned.

The policy was issued on July 13, 1936, while the insured was

out of the hospital on furlough. The case was tried before the judge without the intervention of a jury, who found: "After hearing the evidence in said case, the court finds and holds as a matter of law that the limitation-of-insurance clause contained in said policy is void and of no effect for the reason that there is no limitation of time as to when the insured had been attended by a physician for any serious disease or complaint. . ." The defendant made a motion for new trial, which was overruled, and the defendant excepted to that judgment.

1. The same "limitation-of-insurance" clause was held valid and binding on the beneficiary of the insured in *Gray* v. *Life & Casualty Ins. Co.*, 48 *Ga. App.* 80 (171 S. E. 835); *Life & Casualty Ins. Co.* v. *Carter*, 55 *Ga. App.* 622 (191 S. E. 153). See also *Fowler* v. *Life & Casualty Ins. Co.*, 59 *Ga. App.* 530 (1 S. E. 2d, 595). The uncontroverted evidence in the present case showed that the insured had been treated by a physician for a serious and incurable disease only a short time before the policy was issued, and that he died from this same disease within two years from the date of the issuance of the policy. Without elaboration or any extended discussion it is sufficient to say that, under the evidence, the terms of the policy, and the above-mentioned decisions of this court, the plaintiff was not entitled to recover. The defendant was liable only for the amount of the premiums paid on the policy.

2. Consequently the court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*