29620.   BANKERS HEALTH AND LIFE INSURANCE
COMPANY *v.* NORTH.

DECIDED DECEMBER 4, 1942.   REHEARING DENIED DECEMBER 18, 1942.

*Hirsch, Smith, Kilpatrick, Clay & Cody, Harry Baxter,* for plaintiff in error. *J. Truett Brooksher, William F. Buchanan,* contra.

STEPHENS, P. J.    (After stating the foregoing facts.)

1.   A motion is made to dismiss the writ of error "because no one is named or otherwise disclosed by the bill of exceptions as plaintiff in error." The bill of exceptions does not formally name the defendant insurance company as the plaintiff in error, whereas it does formally name the plaintiff "as defendant in error," but the bill of exceptions states that "on January 20, 1942, at the regular January term of the trial court, before Judge T. O. Hathcock presiding, there came on to be tried the case of Bessie North v. Bankers Health & Life Ins. Company, the same being an action to recover" the sum sued for under a policy of life insurance, and that such suit was filed on December 2, 1941.   Thereafter, in the bill of exceptions, the company is referred to as the defendant and Bessie North as the plaintiff.   The bill of exceptions recites that the case proceeded to verdict and judgment for the plaintiff; that the defendant duly filed a motion for new trial which was overruled, and that "to this judgment of the court defendant excepted and now excepts, and assigns error thereon as being contrary to

law, and says that the court erred in overruling said motion for new trial on each and all of the grounds therein stated." The bill of exceptions recites, after the specification of material portions of the record by the defendant, that the insurance company "tenders this bill of exceptions and prays that the same may be certified to as provided by law and transmitted to the Court of Appeals of Georgia in order that the alleged errors may be considered and corrected." The bill of exceptions is signed by "Hirsch, Smith, Kilpatrick, Clay & Cody, attorneys for the plaintiff in error, Bankers Health & Life Insurance Company."

In *Branch* v. *Mallory,* 8 *Ga. App.* 797 (70 S. E. 177), relied on by the defendant in error in support of her motion to dismiss the writ of error, the bill of exceptions failed to disclose the name of Branch, the plaintiff in error. The bill of exceptions recited that on a certain date there came on to be tried "the case of W. A. Mallory and Price Hinton, then and there pending on appeal from the county court of said county." W. A. Mallory and Price Hinton were the plaintiffs in the lower court, and were the successful parties litigant. Nowhere in the bill of exceptions was the name of Branch, the defendant and losing party in the lower court, shown. The bill of exceptions in the case at bar complies with the rule announced in *Branch* v. *Mallory,* as follows: "A party plaintiff in error is essential to the prosecution of a writ of error, and where no one is named or otherwise disclosed by the bill of exceptions as plaintiff in error, the writ of error will be dismissed." The bill of exceptions now before the court, while it does not formally name the insurance company as plaintiff in error, clearly and plainly otherwise discloses that the company is the party prosecuting the writ of error. See *Rosenheim Shoe Co.* v. *Horne,* 10 *Ga. App.* 582, 583 (73 S. E. 953); *Joiner* v. *Singlelary,* 106 *Ga.* 257 (32 S. E. 90). The motion to dismiss the writ of error is denied.

2. The policy of insurance provided: "If the insured within five years prior to the date hereof has had any medical or surgical attention not specifically stated in the application herefor; or if the insured prior to the date hereof has had any illness or disease of the . . kidneys . . the liability of the company under this policy shall be limited to the return of the premiums paid, provided, however, that the limitations contained in this clause

shall not be effective after two years from the date of this policy." The uncontradicted evidence showed that the insured in 1938, before the issuance of the policy in 1940, had been treated by a physician for a serious kidney disease, and that in applying for this insurance, in answer to the question "What medical or surgical attention have you had in the last five years?" he had untruthfully stated, "None." The limitation of liability, as appears from the above-quoted provisions of the policy, is the proper subject of contract between an insurer and an insured. In the absence of fraud or misrepresentation on the part of the company or its authorized agents this part of the policy is as binding on the insured or his beneficiary as is any other provision. The verdict for the plaintiff was not authorized by the evidence and was contrary to law. *Gray* v. *Life &c. Insurance Co. of Tennessee,* 48 *Ga. App.* 80 (171 S. E. 835), and cit.; *Life &c. Insurance Co. of Tennessee* v. *Norton,* 51 *Ga. App.* 403 (180 S. E. 651).

The decisions of this court in *Fowler* v. *Life & Casualty Insurance Co.,* 59 *Ga. App.* 530 (1 S. E. 2d, 595), and *National Life & Accident Insurance Co.* v. *Pollard,* 66 *Ga. App.* 895, 899 (19 S. E. 2d, 557), involved "limitation-of-insurance clauses" materially different from the one involved in the present case. Furthermore, in the *Fowler* case there was a conflict in the evidence on whether the defendant had been treated by a physician for a serious disease before the issuance of the policy. In that case the limitation-of-liability clause was not identical with the one in the case at bar. In the case at bar the policy provided that "if the insured prior to the date hereof has had any illness or disease of the . . kidneys . . the liability of the company under this policy shall be limited to the return of the premiums paid, provided, however, that the limitations contained in this clause shall not be effective after two years from the date of this policy." The uncontradicted evidence showed that in the spring of 1938 and for some time subsequently the insured had a kidney disease which was serious, for which he was treated by a physician and sent to the hospital. The policy was issued in January 1940.

There is nothing in *Metropolitan Life Insurance Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875), that conflicts with the present ruling. In that case the provision of the policy involved provided that if the insured within two years before the date of the policy

682

had been attended by a physician for any serious disease the company could declare the policy void and its liability should be limited to the refund of the premiums paid. In the case at bar the insurance company is not seeking to void the policy, but is seeking to enforce the provisions of the policy above quoted; which provisions are valid and binding on the insured as well as on the insurer.

It follows that the judge erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Sutton, J., concurs.*

FELTON, J., dissenting. The provisions of the policy in this case are subject to the same criticism as the one in *Fowler* v. *Life & Casualty Insurance Co., 59 Ga. App.* 530 (supra); and since there was no evidence that the disease with which the insured was affected before the issuance of the policy either caused or contributed to his death, the ruling in that case is controlling in the case at bar. I dissent from the judgment of reversal.