30632. BANKERS HEALTH & LIFE .INSURANCE CO. *v.* LAWSON.

DECIDED NOVEMBER 10, 1944. REHEARING DENIED DECEMBER 12, 1944. .

*Cumming, Harper & Nixon,* for plaintiff in error.
*Hammond, Kennedy & Yow,* contra.

PARKER, J. Anthony Lawson, as the beneficiary under a life-insurance policy written by Bankers Health & Life Insurance Company on the life of Marie Lawson, brought suit on the policy after her death. The company defended, alleging that it was liable only for the return of the premiums paid because of certain pro-

visions in the policy and untruthful statements made by the insured in the application for the insurance. These provisions and statements and other facts appear in the opinion which follows. A verdict was found for the plaintiff, a motion for new trial was made by the defendant, and the case is in this court on exceptions to the overruling of that motion.

■ The motion to dismiss the writ of error is denied. The motion is based upon the contention that the plaintiff in error failed to comply with the requirement that the evidence be briefed, in that the brief of evidence contains the entire application for the insurance policy, much of which is alleged to be immaterial and irrelevant to the issues involved. The failure to brief the evidence, in violation of the Code, § 70-305, is not ground for dismissing a writ of error. *Boston Ins. Co.* v. *Harmon,* 66 *Ga. App.* 383 (18 S. E. 2d, 84). There is a rule stated in the case cited authorizing an affirmance by this court of a judgment of a trial court, when there has been no bona fide attempt to brief the evidence as required by law, and unless there are assignments of error for review requiring no consideration of the evidence. Even that rule is not applicable here because the excess writing in the brief of the evidence is inconsequential, and has not presented any difficulty to this court because of its length.

■ The plaintiff in error contends that the verdict and judgment are erroneous because it proved facts that brought the case within an exception and an exemption from all liability under the policy beyond a return of the premiums paid. The material portions of the exception are: "(d) If the insured within five years prior to the date hereof has had any medical or surgical attention not specifically stated in the application herefor; or if the insured prior to the date hereof has had any illness or disorder of the . . kidneys . . the liability of the company under this policy shall be limited to the return of the premiums paid, provided, however, that the limitation contained in this clause shall not be effective after two years from the date of this policy." The policy was dated July 6, 1942; the insured died on July 21, 1943. The application for the insurance disclosed no medical or surgical attention, and no illness or disorder, as referred to therein, as having been had by the insured. To the question: "20. What medical or surgical attention have you had in the last five years?" the insured answered: "None." The application also contained,

above the signature mark of the insured, this statement: "I hereby certify that except as stated in this application . . I have never had . . kidney disease." The evidence relied on by the plaintiff in error to sustain its contention that it was exempt from liability beyond a return of the premium paid, was the testimony of a physician and surgeon, taken by deposition, the material parts of which are as follows: "From a memorandum made in my own handwriting, I attended Marie Lawson on April 7th, 9th, and 15th, 1942. She suffered from a chronic illness of some months duration characterized by severe anemia, hypertension, and albuminuria. Diagnosis was not made. I have not been able to recall the patient without access to my records. My testimony is largely from my records. After examining my records, I remember clearly the circumstances of my attendance on this woman."

The company contends that the foregoing medical testimony, uncontradicted, demands a finding that the insured received medical or surgical attention within the five-year period stipulated in the policy exception, and also suffered with illness and disorder of the kidneys prior to the date of the policy. "The meaning, in insurance law, of *medical or surgical attention*, as used in the question in the application here in controversy, is, had the plaintiff [insured], before the signing of the application, received medical or surgical attention for an illness or an accident of such a character as to affect the general soundness and healthfulness of the system *seriously?*" (Italics ours.) *Commercial Casualty Ins. Co.* v. *Jeffers,* 69 *Ga. App.* 52 (24 S. E. 2d, 815). See also *Southern Life Ins. Co.* v. *White,* 60 *Ga. App.* 414 (3 S. E. 2d, 849), and authorities therein cited. "Illness, in insurance law, is 'a disease or ailment of such a character as to affect the general soundness and healthfulness of the system seriously, and not a mere temporary indisposition which does not tend to undermine or weaken the constitution of the insured.'" *Southern Life Ins. Co.* v. *White* and *Commercial Casualty Ins. Co.* v. *Jeffers,* supra. "To void a policy of life insurance upon the ground that the insured made false representations in the application therefor, the insurer must in every case prove that the representations were both untrue and material to the risk. Falsity of such representations, standing alone, will not render the policy void." *Vaughn* v. *National Life & Accident Ins. Co.,* 189 *Ga.* 121 (5 S. E. 2d, 238); *Commercial Casualty Ins. Co.* v. *Jeffers,* supra. The jury were authorized to

find that the company failed to show that the disorders described by the physician were of a serious nature so as to invoke the exception in the policy. The witness did not testify that the ailments were serious, but merely said that the insured's illness was "characterized by severe anemia, hypertension, and albuminuria." The insured could have had severe cases of illnesses of a type that are not serious in relation to general health and as compared with other diseases. A person often speaks of having a "severe cold," but, ordinarily, he would not, in response to questioning regarding his health record over a period of several years, tell of every so-called "severe" cold that he had had. The defendant company could have propounded more specific questions to the physician, and he could have been more explicit in his answers if the facts so warranted.

The plaintiff in error relies on *Bankers Health & Life Ins. Co. v. North,* 68 *Ga. App.* 677 (23 S. E. 2d, 449), which involved the same company and the same policy provision and the same alleged illness or disorder, a kidney ailment. This case is distinguishable from the *North* case, in that in the latter the uncontradicted, positive, and clear testimony was that the insured had been treated for and had suffered from a kidney ailment within the five-year period, and that the kidney disorder was a serious one. Had the defendant in the case at bar produced such testimony on the trial, the *North* case would be controlling. The evidence authorized the verdict, no error of law appears, and the court did not err in overruling the motion for new trial. *Judgment affirmed.*

FELTON, J., concurring specially. I concur in the opinion and the judgment, but as to the provision in the policy that "if the insured prior to the date hereof has had any illness or disorder of the . . . kidneys . . . the liability of the company under this policy shall be limited to the return of the premiums paid, provided, however, that the limitation contained in this clause shall not be effective after two years from the date of this policy," I concur because I am bound by the majority ruling in the *North* case, holding that the above provision is binding.

SUTTON, P. J., dissenting. The application for the policy sued on was dated June 23, 1942. The policy was issued on July 6, 1942. The insured died on July 21, 1943. The policy contained the following limitation-of-liability clause: "Limitation of insurance. (d) If the insured within five years prior to the date hereof

has had medical or surgical attention not specifically stated in the application thereof, or if the insured prior to the date hereof has had any illness or disorder of the kidneys . . the liability of the company under this policy shall be limited to the return of the premium paid, provided, however, that the limitation contained in this clause shall not be effective after two years from the date of this policy." To question No. 20 in the application for insurance: "What medical or surgical attention have you had in the last five years?" the insured answered: "None." The insured also subscribed to the following statement in the application for the insurance: "I hereby certify that except as stated in this application . . I have never had . . kidney disease." The policy and the application for insurance were introduced in evidence, and the uncontradicted testimony of the two witnesses who were present when the insured made and signed the application was that the agent of the insurance company asked the insured what medical or surgical attention she had had in the last five years (question No. 20 in the application), and she answered: "None." The uncontradicted testimony of Dr. Phinizy was that he attended the insured on April 7, 9, and 15, 1942, and that she suffered a chronic illness of some months' duration characterized by severe anemia, hypertension, and albuminuria. This was just a little more than two months before she made the application for the policy sued on.

The present case is almost identical with that of *Bankers Health & Life Ins. Co.* v. *North,* 68 *Ga. App.* 677 (supra), where it was held: "The limitation-of-liability clause contained in this policy was the proper subject of contract between the insurer and insured, and, in the absence of fraud or misrepresentation on the part of the insurer or its authorized agents, was binding on the insured." The same form of policy issued by the same company and an untruthful answer to the same question in the application for the insurance are involved in the present case as in the *North* case, and the insured in this case, as was true in the *North* case, was suffering with kidney trouble, or had been so suffering very recently before making application for the insurance. In these circumstances I think this case is controlled by the *North* case, and not by the principles ruled in the cases cited in the majority opinion. Accordingly, a verdict was demanded for the insurance company.