31480. SOUTHERN COTTON OIL COMPANY *v.* OCILLA OIL & FERTILIZER COMPANY.

Decided February 5, 1947.

R. R. Forrester, R. D. Smith, for plaintiff in error.

E. C. Collins, C. A. Christian, contra.

Parker, J. Ocilla Oil and Fertilizer Company sued Southern Cotton Oil Company for $16,297.90, claimed for services rendered under a contract made by the parties the material parts of which are as follows: "We wish to confirm agreement with you to the effect that you are to purchase peanuts for us at Ocilla, Ga., using your warehouse, weighing and grading facilities, and for such services we agree to pay you $4 per ton commission, and $2 per ton truckage from your warehouse to us in Tifton on such peanuts as we receive from you. We shall furnish the funds for the purchase of peanuts during the effective date of this agreement, and the insurance will be for our account. It is further agreed we shall absorb only the actual shrinkage, but in no case shall this exceed 1%, based on inweights. This agreement may be terminated by either party upon telegraphic notice to the other party of his desire to cancel same. This letter is in duplicate, and if acceptable to you, please sign and return original to us. . . (Signed) The Southern Cotton Oil Company, R. A. Kelley, Manager. Accepted: (Signed) Ocilla Oil & Fertilizer Co., by Otto Griner, President."

The defendant answered the suit, denying all indebtedness to the plaintiff except $6,066.95, which it admitted and tendered to the plaintiff. Upon motion of the defendant, an auditor was appointed to pass upon all questions of law and fact in the case. The auditor heard testimony and made a finding in favor of the plaintiff for the full amount claimed in the suit. Exceptions of law and fact were filed by the defendant to the report of the auditor. Upon a hearing these exceptions were overruled and denied, and the auditor's report was confirmed and made the judgment of the trial court except as to the amount. The order of the judge recites that it appeared from the evidence of the manager of the defendant company that the defendant had received from the plaintiff a net inweight of peanuts amounting to 5,227,768 pounds, and by adding to this the one percent allowable as absorption of the loss in weight

as provided in the contract, there were 5,280,045 pounds, or 2640 tons of peanuts delivered to the defendant by the plaintiff. These figures were obtained from the defendant's own weights and grades, and this quantity at $6 per ton amounted to $15,840, for which a judgment was rendered in favor of the plaintiff and against the defendant, in lieu of the larger amount claimed in the suit and found by the auditor to be due the plaintiff. It appears that the plaintiff offered in open court to accept judgment for the said lesser sum, and this concession, with the evidence of the defendant admitting the quantity of peanuts received by it from the plaintiff, obviated the necessity of submitting any issue to the jury under the exceptions of fact filed by the defendant. The defendant excepted to the rulings and findings of the court and to the judgment rendered by it.

■  The motion to dismiss the writ of error, because the plaintiff in error did not comply with the requirement that the evidence be briefed, and to award damages for a frivolous appeal, is denied. The failure to brief the evidence is not ground for dismissing a writ of error. See *Boston Ins. Co. v. Harmon,* 66 *Ga. App.* 383 (18 S. E. 2d, 84), and *Bankers' Health &c. Ins. Co.* v. *Lawson,* 71 *Ga. App.* 827 (32 S. E. 2d, 428). This court is not satisfied that the writ of error was prosecuted for the purpose of delay only, and denies the motion for the assessment of damages.

■  Although ordinarily exceptions of fact to an auditor's report in a law case shall be passed upon by the jury, under the Code, § 10-402, the question whether the court erred in this case in not referring the exceptions of fact to a jury is not presented for our consideration. The only assignment of error in the bill of exceptions to the final judgment of the court is that it is "contrary to law and against the principles of justice and equity." Under the ruling in *Adams* v. *Bishop,* 42 *Ga. App.* 811(6) (157 S. E. 523), we can consider only the correctness of the rulings of the court on the exceptions and the judgment rendered by the court. We have considered all exceptions of law, and find no error in the rulings thereon, and the court properly held in passing on the exceptions of fact that the plaintiff was entitled to a judgment for the amount rendered in its favor. As recited in the order and judgment, the evidence of the manager of the defendant company showed clearly that the plaintiff was entitled to recover the amount of the judg-

ment. Under this view of the case, it may be said that the evidence demanded the finding in favor of the plaintiff as made by the court, and it is unnecessary to consider the other exceptions of fact.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*