323 So.2d 384

**NATIONAL SECURITY INSURANCE CO.,**
a corporation

v.

**Dennis INGALLS.**

Civ. 649.

Court of Civil Appeals of Alabama.

Dec. 3, 1975.

Cassady & Fuller, Enterprise, for appellant.

Farmer & Farmer, Dothan, for appellee.

HOLMES, Judge.

This is an appeal from the Circuit Court of Houston County. Plaintiff-appellee Dennis Ingalls suffered the loss of a foot while covered by an accident insurance policy issued to him by defendant-appellant National Security Insurance Company. The trial judge found this loss to be compensable under the policy to the extent of $6,000.

The issues for our determination are whether plaintiff-appellee's injury was caused by accidental means, and the construction to be accorded language excepting certain risks from the full coverage of the insurance policy issued by defendant-appellant.

The accident resulting in the injury to plaintiff-appellee occurred in the following manner:

Plaintiff-appellee regularly kept a loaded shotgun on the rear floorboard of his 1957 Chevrolet. At the time of the accident, appellee was in the vehicle, attempting to fasten together radio speaker wires. He had the rear seat pulled out and was kneeling on it in a stooped position, reaching over to the far side of the automobile behind the front seat on the passenger side. Appellee's left foot was resting on the floorboard. While appellee was so engaged, the seat on which he was kneeling tilted, causing a cotton bar to roll off the seat and strike the shotgun. The shotgun

discharged when struck by the bar, hitting appellee in the left leg between the knee and ankle.

The aforementioned insurance policy indemnified appellee against injuries effected through accidental means. For the loss of one foot, appellant was to pay one-half of the full amount payable, or $6,000. Among the list of exceptions from the policy's coverage was the following:

"For losses covered by the provisions of this Policy, the amount payable shall be twenty-five (25%) per cent of the amount otherwise payable if the loss results from . . . shooting accidentally self-inflicted."

After hearing the cause, the trial judge issued the following order:

"This cause was submitted upon the bill of complaint of the Plaintiff, answer of the Defendant, and the documentary evidence presented, and the testimony. Upon consideration thereof, it is the judgment and opinion of the Court that the Plaintiff is entitled to relief, therefore,

"IT IS ORDERED, ADJUDGED, AND DECREED that the Plaintiff lost a foot through accidental shooting, not self-inflicted.

"IT IS FURTHER ORDERED that the Defendant be taxed with the costs herein, for which let execution issue.

"DONE AND ORDERED this 5th day of February, 1975.

"/s/ Forrest L. Adams
"Judge, 20th Judicial
Circuit of Alabama.

"Filed in Office this 5th day of February, 1975."

Appellant by his assignments of error argues that appellee's injury was not effected through accidental means, and even if so, that his recovery is limited to $1,500 by the policy provision quoted above.

We initially hold that the instant injury was caused by accidental means and is within the coverage of the policy. Generally, where an injury is caused by a mishap or slip in an action of the insured, it is caused by accidental means. In *Emergency Aid Insurance Co. v. Dobbs,* 263 Ala. 594, 83 So.2d 335, the court said:

"There is a distinction between an accidental death or injury, and one caused by accidental means. Such a distinction is treated by the law writers. It is an accidental death or injury if the result is an accident whether or not due to accidental means; but it is caused by accidental means, although the means employed were voluntarily rendered, if, in the act preceding the injury, something unforeseen, unusual and unexpected occurs which produces the result. *Pledger v. Business Men's Accident Ass'n,* Tex. Com.App., 228 S.W. 110; 45 C.J.S., Insurance, § 753, p. 778." (263 Ala. at 599, 83 So.2d at 338.)

In accord are the cases of *Inter-Ocean Casualty Co. v. Jordan,* 227 Ala. 383, 150 So. 147; *Aetna Life Insurance Co. v. Beasley,* 272 Ala. 153, 130 So.2d 178; *Northam v. Metropolitan Life Ins. Co.,* 231 Ala. 105, 163 So. 635.

Appellant has apprised us of the general rule that actions which reach a certain threshold level of danger or recklessness cannot constitute accidental means. However, we are not prepared to say that appellee's actions reached such a level.

We are thus brought to the determinative issue on this appeal, whether the language "shooting accidentally self-inflicted" relegates appellee to a recovery of 25% of the amount otherwise payable. We hold that it does not, and that the order of the trial judge was correct.

The terms "accidental" and "self-inflicted" are terms of art in insurance law. "Accidental" means that which is unexpected and unintended, happening

by chance. Words and Phrases, "Accidental"; 45 C.J.S. *Insurance* § 753; *Prudential Casualty Co. v. Curry*, 10 Ala.App. 642, 65 So. 852, and cases cited, *supra*. An injury is "self-inflicted" only when the insured wills it or intends to cause it. Words and Phrases, "Self-inflicted Injuries"; 45 C.J. S. *Insurance* § 773; *Freeman v. Metropolitan Life Ins. Co.*, 35 Ga.App. 770, 134 S.E. 639.

The two terms can thus be seen to be antonymous. As such, the phrase "shooting accidentally self-inflicted" appears to be a meaningless contradiction. Two modifiers with opposite meanings are jointly used to describe the same subject. However, simply by virtue of its use in the policy, we must assume the phrase in question to have a rational meaning, rather than being a mere cryptic nullity.

While it can be seen to be of little benefit to apply the legal definitions with which these terms have been invested, there are tenets of interpretation which may properly be resorted to in instances such as this.

 Ambiguities in insurance contract exceptions are to be strictly construed against the insurer. *American Liberty Insurance Co. v. Soules*, 288 Ala. 163, 258 So.2d 872; *Couch on Insurance* 2d, § 15.92. In construing the instant phrase, it is thus imminently reasonable to use that plain and ordinary meaning which the policy holder would from his perspective ascribe to it. *Universal Underwriters Ins. Co. v. Marriott Homes, Inc.*, 286 Ala. 231, 238 So.2d 730.

The contract clause in question, to this court, would be construed by the insured to mean accidentally shooting oneself. In ordinary parlance, to shoot oneself connotes that the injury results from direct, immediate, and conscious employment of a firearm by the victim.

Therefore, within the meaning of the exception used in this particular policy of in-surance, a self-inflicted injury is one caused by such means. Here, the injury resulted not from direct and knowing employment of a firearm, but rather from the inadvertent application of an intervening force, to wit, the cotton bar. It can thus be readily seen that plaintiff-appellee's injury, while accidental, was not self-inflicted. The trial judge accordingly did not err in his entry of judgment or in his order denying defendant-appellant's motion for a new trial.

There being no error in the record, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.